**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JILL ANN SMILOW and MARGARET L. BIBEAU, On Their Behalf And On Behalf Of All Others Similarly Situated, | |
| Plaintiffs, | Civil Action No. 97-10307-RWZ |
| vs. | |
| SOUTHWESTERN BELL MOBILE SYSTEMS, INC., d/b/a Cellular One, | |
| Defendant. | |

 **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, this is a certified class action pending before this Court (the "Litigation");

WHEREAS, the parties having made application, pursuant to Fed. R. Civ. P. 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of March, 2004 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, a class has been certified in this action under Rule 23 of the Federal Rules of Civil Procedure, pursuant to the First Circuit's decision in Smilow v. Southwestern Bell Systems, Inc., 323 F.3d 32 (1st Cir. 2003); and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby preliminarily approves the Stipulation and the settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.    A hearing (the "Final Approval Hearing") shall be held before this Court on _June 2_, 2004; _2:00_ p.m. at the United States Courthouse, One Courthouse Way, Boston, Massachusetts, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Class and should be approved by the Court; whether a Final Approval Order as provided in ¶1.6 of the Stipulation should be entered herein; and to determine the amount of fees and expenses that should be awarded to Class Counsel. The Court may adjourn the Final Approval Hearing without further notice to Members of the Class.

3.    The Court approves, as to form and content, the Notices of Proposed Settlement of Class Action (the "Notice"), annexed as Exhibits 1 and 2. The Court finds that the mailing of the Notice attached as Exhibit 1 and publication of the Notice attached as Exhibit 2 substantially in the manner and

form set forth in this Order meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

4.    (a)    Not later than 4 pm 19 __, 2004, [30 days after the date of this Order,] (the "Notice Date"), Class Counsel shall cause a copy of the Notice substantially in the form annexed as Exhibit 1, to be mailed by first class mail to all Class Members pursuant to ¶¶ 11 and 14 of the Stipulation; and Class Counsel shall cause the publication notice, attached as Exhibit 2, to be published twice in daily editions of The Boston Globe, The Worcester Telegram and Gazette and the Manchester Union Leader.

(b)    At least seven (7) days prior to the Final Approval Hearing, Class Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.    Any Class Member may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his or her own choice. Class Members who do not enter an appearance, will be represented by Class Counsel.

6.    Pending final determination of whether the settlement should be approved, neither the Representative Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

7.    Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate, or why a Final Approval Order should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Class Counsel, provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Final Approval Order to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Class Counsel unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Massachusetts on or before [14 days before the Final Approval Hearing], and copies of such filings served by first class mail, postmarked on or before [14 days before the Final Approval Hearing] to Class Counsel and Counsel for Defendant, together with proof of that person's membership in the Class. Any Member of the Class who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement reflected in the Stipulation, and the award of attorneys' fees and expenses to Class Counsel, unless otherwise ordered by the Court.

8.     All papers in support of the settlement, and any application for attorneys' fees or reimbursement of expenses, shall be filed with the Court and served seven days prior to the Final Approval Hearing.

9.     At or after the Final Approval Hearing, the Court shall determine whether the Settlement proposed by Class Counsel, and any application for fees or reimbursement of expenses, shall be approved.

10.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement, shall be paid or incurred as set forth in the Stipulation. In the event the Settlement is not approved by the Court, is validly voided by the Defendant due to the opt-out count, or otherwise fails to become effective, the Settling Parties shall be restored to their respective postures in the Litigation pursuant to ¶¶ 16, 16.1 and 16.2 of the Stipulation, subject to the provisions of ¶¶ 9.4 and 9.5 which shall remain in full force and effect.

11.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

12.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.   The Court may approve the settlement, with such

modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated: ~~March 18~~ , 2004

Judge Rya W. Zobel
United State District Court
District of Massachusetts

EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILL ANN SMILOW and MARGARET L. BIBEAU, on their own behalf and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 97-CV-10307-RWZ |
| vs. | |
| SOUTHWESTERN BELL MOBILE SYSTEMS, INC., d/b/a CELLULAR ONE, | |
| Defendant. | |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

TO:   **All persons and entities in the Commonwealth of Massachusetts and New Hampshire who purchased cellular service from the Defendant Southwestern Bell Mobile Systems, Inc., doing business as "Cellular One", pursuant to contracts which contain the following terms:**

a) a definition of "Chargeable Time" which is the same as the following definition of "Chargeable Time":

> Chargeable time for calls originated by a Mobile Subscriber Unit starts when the Mobil Subscriber Unit signals call initiation to C1's [Cellular One's] facilities and ends when the Mobil Subscriber Unit signals call disconnect to C1's facilities and the call disconnect signal has been confirmed. Chargeable time may include time for the cellular system to recognize that only one party has disconnected from the call, and may also include time to clear the channels in use.

b) provide that the contracts shall be construed in and governed by the laws of the Commonwealth of Massachusetts;

c) provide that: "Notwithstanding the terms and provisions of any other agreement which are inconsistent with this agreement these terms and conditions constitute the entire agreement between the parties" or "this

Agreement represents the entire Agreement of the parties with respect to the subject matter hereof and may not be modified or amended except in writing signed by both parties"; and

d) do not incorporate by reference or indicate that they are to be governed by any tariff filed by the defendant with any governmental agency.

*PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO PARTICIPATE IN THE SETTLEMENT DESCRIBED IN THIS NOTICE.*

This Notice has been sent to you because it appears that you may be a member of the Certified Class ("Class Member") in this class action litigation (the "Litigation"). The purpose of this Notice is to inform you of the proposed settlement of the Litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this Litigation. This Notice has been sent to you pursuant to an Order of the United States District Court for the District of Massachusetts (the "Court").

## I.    **INTRODUCTION**

1.    A settlement of this Litigation (the "Settlement") has been reached by the parties, subject to the Court's approval. The terms of the Settlement, which are only summarized in this Notice, are fully set forth in the Stipulation of Settlement (the "Stipulation"), which has been filed in the Court.

2.    The Stipulation provides that the Defendant, Southwestern Bell Mobile Systems, Inc. d/b/a Cellular One, will provide credit vouchers to Class

2

Members which can be applied to a Cingular Wireless invoice for a new or renewed one-or-two year service contract, certain merchandise sold at a Cingular Wireless Company Store, or for wireless service provided pursuant to a currently held service contract.

3.     A hearing (the "Final Approval Hearing") will be held by the Court on _____, 2004, at _.m., before the Honorable Rya W. Zobel, Judge of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to consider whether to approve (i) the Settlement, as fair, reasonable, and adequate to the members of the Class, and (ii) an application by Class Counsel for an award of attorneys' fees and reimbursement of expenses.

4.     If the proposed Settlement is finally approved by the Court and becomes effective, and if you are a Class Member, you will be entitled to a credit voucher as described in paragraphs 2 and 10 of this Notice.

## II.     DEFINITIONS USED IN THIS NOTICE

5.     "Class" and "Certified Class" mean the class certified by the First Circuit in its decision in Smilow v. Southwestern Bell Mobile Systems, Inc., doing business as Cellular One, 323 F.3d 32 (1st Cir. 2003), and includes all persons and entities in the Commonwealth of Massachusetts and New Hampshire who purchased cellular service from the Defendant Southwestern Bell Mobile Systems, Inc., doing business as "Cellular One", pursuant to contracts which contain the terms set forth in the first section of this Notice. Excluded from the Class are those persons who timely and validly request exclusion from the Class,

3

as well as the Defendant and its legal representatives, successors or assigns, and any entity in which the Defendant has or had a controlling interest.

6.  "Defendant" or "Cellular One" means Southwestern Bell Mobile Systems, Inc., formerly d/b/a Cellular One.

7.  "Class Counsel" means Edward F. Haber, Shapiro Haber & Urmy LLP, 75 State Street, Boston, Massachusetts 02109, as attorney for the Representative Plaintiff and the Class.

8.  "Released Claims" shall collectively mean any and all claims, demands, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, contingent or fixed, that were or could have been asserted or sought in the Action, relating in any way to the following billing practices of Cellular One: (a) charging for incoming or received calls; or, (b) rounding up the time of each individual call to the next full minute increment, or the description, disclosure or nondisclosure of such billing practices.

9.  "Representative Plaintiff" means Margaret L. Bibeau.

10.  "Settlement Consideration" means the Credit Vouchers described in ¶ 17, to be awarded if the settlement is approved by the Court.

11.  "Settling Parties" means, collectively, the Defendant, and the Representative Plaintiff on her own behalf and on behalf of the Class Members.

4

### III.    DESCRIPTION OF THE LITIGATION AND
### THE REPRESENTATIVE PLAINTIFF'S CLAIMS

12.    This action was originally filed on February 11, 1997 in the United States District Court for the District of Massachusetts to recover damages for Cellular One's alleged breach of contract and unfair and/or deceptive business practices.   Margaret L. Bibeau was designated the Representative Plaintiff on July 29, 2003.    The Representative Plaintiff and all other Class Members purchased service contracts from Cellular One in Massachusetts and New Hampshire for the provision of cellular telephone services.  These contracts set forth the terms and conditions under which Cellular One could charge the Representative Plaintiff and Class Members for services rendered.    The Representative Plaintiff alleged that Defendant breached these agreements by billing all Class Members for incoming calls ("Incoming Calls Claim"), and for rounding up the amount of time of all calls to the nearest whole minute ("Rounding Up Claim.").   The Representative Plaintiff further alleged that this conduct constituted an unfair and/or deceptive business practice in violation of Massachusetts General Laws, Chapter 93A and the Federal Telecommunications Act, Section 201(b).

13.    The Court granted summary judgment in favor of the Defendant on the Rounding Up breach of contract claim.    Subsequently, the Class Representative voluntarily dismissed the remaining rounding-up claims, subject to appellate review of the court's summary judgment decision.  The United States Court of Appeals certified the class in its decision in Smilow v. Southwestern Bell

Mobile Systems, Inc., doing business as Cellular One, 323 F.3d 32 (1st Cir. 2003).

## IV.    DEFENDANT'S DENIAL OF LIABILITY

14.    The Defendant has denied and continues to deny each and all of the claims and contentions alleged by the Representative Plaintiff in the Litigation. The Defendant expressly has denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendant also denies that Class Members were injured at all or to the extent alleged.

## V.    REASONS FOR THE SETTLEMENT

15.    Class Counsel believes the Settlement represents an excellent recovery for the Class. In agreeing to the Settlement, Class Counsel considered, in addition to the significant benefits provided for the Class by the proposed Settlement, the uncertainties of predicting the outcome of complex litigation such as this; the expenses and length of time necessary to prosecute this Litigation through trial and probable appeals; the defenses asserted by and available to the Defendant; and the fact that resolution, whenever and however determined, of the Class' claims, would likely be submitted for appellate review, and as a consequence of which it could be many years before there would be a final adjudication of the claims and defenses asserted.    Based upon these considerations, the Representative Plaintiff and Class Counsel, without conceding the lack of merit of any of their claims, have concluded that it is in the

best interests of the Class to settle the Litigation on the terms set forth in the Stipulation and summarized herein.

16. The Defendant, while affirmatively denying wrongdoing of any kind whatsoever or liability to the Class, and without conceding any infirmity in the defenses asserted or which could have been asserted in the Litigation, considers it desirable that the Litigation be dismissed with prejudice on the terms set forth herein in order to avoid further expense and to dispose of burdensome and protracted litigation.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

17. Under the terms of the Stipulation, the Settlement Consideration shall consist of credit vouchers to be awarded to each Class Member.

a. Each Certified Class Member will receive a Credit Voucher which can be used for:

(i) $20 off a Cingular Wireless invoice for wireless service for a new contract of at least one year or the extension of an existing contract for at least one additional year; OR

(ii) $20 off any merchandise sold at a Cingular Wireless Company Store located in Massachusetts or New Hampshire, which merchandise is being sold (after any applicable discounts) for $40 or more; OR

(iii) $10 off of any other Cingular Wireless invoice for wireless service for current customers who choose not to utilize the Credit Voucher in any other manner.

b. Each Credit Voucher:

(i) shall be redeemable: (a) when being applied to invoices for cellular service (but not for merchandise) through the United States mail by sending the Credit Voucher to an address or addresses designated by the Defendant, which

7

address or addresses shall be clearly identified on the face of the Credit Voucher; or (b) when being applied to merchandise at a Cingular Wireless Company Store in Massachusetts or New Hampshire.

(ii) shall expire one year from the date of issuance, which expiration date shall appear on the face of the Credit Voucher; and

(iii) shall be nontransferable.

## VII.   RELEASES AND DISMISSAL OF THE LITIGATION

18.    If the proposed Settlement is approved by the Court, the Court will enter a Final Judgment and Order of Dismissal (the "Judgment"). The Judgment will dismiss the Litigation, with prejudice.

19.    The Judgment will also provide that all Class members who did not validly and timely request  exclusion from the Class shall be deemed to have released and forever discharged all Released Claims against all Released Persons.

## VIII.   COSTS OF ADMINISTERING THE SETTLEMENT AND ATTORNEYS' FEES AND DISBURSEMENTS

20.    Class Counsel have not received any payment for their services in conducting the Litigation on behalf of the Representative Plaintiff and the members of the Class, over the past seven years, nor have they been reimbursed for their substantial out-of-pocket expenditures. Class Counsel have represented the Representative Plaintiff and the Class throughout this Litigation on a contingent fee basis, whereby Class Counsel would have received no

8

compensation or reimbursement of out-of-pocket expenditures if the Litigation had not produced a recovery for the Representative Plaintiff and the Class.

21.   As part of the Settlement, Cellular One shall pay the substantial costs of distributing this Notice to each member of the Class; the cost of distributing the Credit Vouchers to each member of the class; and the amount which the Court awards to Class Counsel as their attorneys' fees and reimbursed expenses for their representation of the Representative Plaintiff and the Class in this Litigation. The Stipulation provides that the maximum which Cellular One will pay for costs of distributing this Notice to each member of the Class; the cost of distributing the Credit Vouchers to each member of the class; and the amount which the Court awards to Class Counsel as their attorneys' fees and reimbursed expenses for their representation of the Representative Plaintiff and the Class in this Litigation will be two million dollars ($2,000,000).

## IX.   YOUR RIGHT TO EXCLUDE YOURSELF FROM THE SETTLEMENT

22.   You need not do anything now to participate in the settlement as a member of the class. The final judgment entered in this case will include, and will be binding upon, all members of the class except those who have requested exclusion. To exclude yourself from the class, you must send written notice, to Class Counsel that you wish to be excluded from the class settlement. The written notice should include the name and address, and be signed by, the class member requesting exclusion. The written notice must be received by Class Counsel no later than [14 days prior to the Final Approval Hearing]. Class members who request exclusion and seek to pursue their own remedies will bear

9

their own costs for counsel fees. Any class member who does not request exclusion pursuant to the conditions set forth in this section will remain part of the class.

## X.    **YOUR RIGHT TO BE HEARD AT THE FINAL APPROVAL HEARING**

23.    The Court will hold the Final Approval Hearing on June 2, 2004, at 2 p.m., before the Honorable Rya W. Zobel, Judge of the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider whether to approve (i) the Settlement, as fair, reasonable, and adequate to the members of the Class, and (iii) an application by Class Counsel for an award of attorneys' fees and reimbursement of expenses. Any Class member who does not validly and timely request exclusion from the Class, and who objects to any aspect of the Settlement, or Class Counsel's application for attorneys' fees and reimbursement of expenses, may appear and be heard at the Final Approval Hearing. In order to be heard by the Court at the Final Approval Hearing, a Class member should file with the Court and serve upon Class Counsel, Edward F. Haber, Esq., Shapiro, Haber & Urmy LLP, 75 State Street, Boston, MA 02109 and Defendant's Counsel, Marcus E. Cohn, Esq., Nixon Peabody, LLP, 101 Federal Street, Boston, MA 02110, on or before[14 days prior to the Final Approval Hearing] his or her objection and any memoranda that he or she wishes to submit in support thereof. Only members of the Class who have filed and served a written objection in this manner will be entitled to be heard at the Final Approval Hearing, unless the Court otherwise orders.

## XI.   **EXAMINATION OF PAPERS**

24.    This Notice is a summary only and does not describe all of the details of the   Stipulation and the Settlement.   For full details regarding the matters described in this Notice, you may review the Stipulation filed with the Court, which may be inspected during the regular office hours at the Office of the Clerk, United States District Court for the District of Massachusetts, United States Courthouse, One Courthouse Way, Boston, Massachusetts 02210.

If you have any questions regarding this Notice or the Settlement, please call, write, or email Class Counsel:

> Edward F. Haber
> Shapiro Haber & Urmy LLP
> 75 State Street
> Boston, Massachusetts 02109
> (800) 287-8119 or (617) 439-3939.
> ehaber@shulaw.com

**Please  do  not  telephone  the  Court  or  the  Clerk's  Office  with questions regarding this Notice or the Stipulation of Settlement.**

Dated:            , 2004.                                                    BY   ORDER

OF THE COURT:

11

EXHIBIT A-2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILL ANN SMILOW and MARGARET L. BIBEAU, on their own behalf and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>SOUTHWESTERN BELL MOBILE SYSTEMS, INC., d/b/a CELLULAR ONE,<br><br>            Defendant. | Civil Action No. 97-CV-10307-RWZ |

## PUBLICATION NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL PERSONS AND ENTITIES IN THE COMMONWEALTH OF MASSACHUSETTS AND NEW HAMPSHIRE WHO PURCHASED CELLULAR SERVICE FROM THE DEFENDANT SOUTHWESTERN BELL MOBILE SYSTEMS, INC., DOING BUSINESS AS "CELLULAR ONE", PURSUANT TO CONTRACTS ENTERED INTO BETWEEN ON OR ABOUT AUGUST 1994 AND ON OR ABOUT FEBRUARY 1996**

PLEASE TAKE NOTICE that pursuant to Rule 23 of the Federal Rules of Civil Procedure, a proposed settlement of the above captioned class action will be considered by the Court for final approval on June 2, 2004. You are eligible to participate in the settlement if you purchased such cellular service in Massachusetts and New Hampshire from the Defendant using the name Cellular One and your contract contained the following terms:

   a) a definition of "Chargeable Time" which is the same as the following definition of "Chargeable Time":

Chargeable time for calls originated by a Mobile Subscriber Unit starts when the Mobil Subscriber Unit signals call initiation to C1's [Cellular One's] facilities and ends when the Mobile Subscriber Unit signals call disconnect to C1's facilities and the call disconnect signal has been confirmed.  Chargeable time may include time for the cellular system to recognize that only one party has disconnected from the call, and may also include time to clear the channels in use.

b) provide that the contracts shall be construed in and governed by the laws of the Commonwealth of Massachusetts;

c) provide that: "Notwithstanding the terms and provisions of any other agreement which are inconsistent with this agreement these terms and conditions constitute the entire agreement between the parties" or "this Agreement represents the entire Agreement of the parties with respect to the subject matter hereof and may not be modified or amended except in writing signed by both parties."; and

d) do not incorporate by reference or indicate that they are to be governed by any tariff filed by the defendant with any governmental agency.

**THIS NOTICE IS PROVIDED TO YOU TO INFORM YOU OF THE PENDENCY OF THE PROPOSED SETTLEMENT OF THE CLASS ACTION, AND YOUR RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT.  THIS NOTICE SETS FORTH A SUMMARY OF THE ACTION, THE PROPOSED SETTLEMENT, AND THE METHOD BY WHICH YOU MAY EXERCISE YOUR RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT.  PLEASE READ THE NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE LAWSUIT.**

**THIS NOTICE IS NOT TO BE CONSTRUED AS AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE MERITS OF THE PROPOSED SETTLEMENT.  THIS NOTICE IS PROVIDED MERELY TO ADVISE YOU OF THE INFORMATION CONTAINED HEREIN.**

### DESCRIPTION OF THE LITIGATION

This is a class action brought in the United States District Court for the District of Massachusetts.  In general, the Complaint alleges that Cellular One has breached and continues to breach the terms of the contracts it entered into

with Plaintiffs and the members of the Class by: (1) charging for incoming calls (the "Incoming Calls Claim"); and (2) "rounding up" the time of both incoming and outgoing calls to the next whole minute (the "Rounding Up Claim").   The Complaint also alleges that those billing practices of Cellular One are unfair trade practices in violation of M.G.L. Ch. 93A, §2(a). The Court has already ruled that the Defendant's rounding up the time of each call to the next whole minute did not breach its contract with the Plaintiffs.   The breach of contract claims relating to the defendant's charging for incoming calls remains.   The lawsuit seeks damages for each member of the Class.

## DEFENDANT'S DENIAL OF LIABILITY

Cellular One denies that it has done anything wrong, denies that it breached any contract or duty; denies that it violated any laws and has raised a number of defenses to Plaintiffs' claims.

## SUMMARY DESCRIPTION OF THE PROPOSED SETTLEMENT

If the proposed settlement is approved by the Court, each member of the Certified Class would receive a credit voucher which could be used for: a credit of twenty dollars ($20.00) toward a Cingular Wireless invoice for a new contract of at least one year or the extension of an existing contract for at least one additional year, or for any item of merchandise  sold at a Cingular Wireless Company Store in Massachusetts or New Hampshire with a retail price of forty dollars ($40.00) or more; or, a credit of ten dollars ($10.00) toward a Cingular Wireless invoice for existing cellular service.  In exchange for the credit voucher,

3

the class member waives all claims for any conduct challenged by the class' Incoming Calls Claim or Rounding Up Claim.   The Credit Vouchers are non-transferable and have a one-year expiration period.   This is a brief summary of the settlement agreement.   You can review the entire settlement agreement which has been filed with the Court as explained below.

### RIGHTS AND OPTIONS OF CLASS MEMBERS

If you are a member of the Class, as defined above, you should understand and carefully consider the following statements and choices:

1.   The Court will hold a hearing to approve the fairness and reasonableness of the settlement on ___June 2___, 2004.

2.  The final judgment entered in this case will include, and will be binding upon, all members of the Class who have not requested exclusion, whether or not the judgment is favorable to plaintiffs.   **YOU NEED NOT DO ANYTHING NOW TO PARTICIPATE IN THE SETTLEMENT AS A MEMBER OF THE CLASS.**

3. The final judgment entered in this case will include, and will be binding upon, all members of the class except those who have requested exclusion.  To exclude yourself from the class, you must send written notice, to Class Counsel that you wish to be excluded from the class settlement.  The written notice should include the name and address, and be signed by, the class member requesting exclusion.  The written notice must be received by Class Counsel no later than [14 days prior to the Final Approval Hearing].   Class members who request exclusion and seek to pursue their own remedies will bear their own costs for

4

counsel fees. Any class member who does not request exclusion pursuant to the conditions set forth in this section will remain part of the class.

4. If you wish to object to the settlement agreement, you must file your objection, briefs, and proof of membership in the class by [14 days prior to the Final Approval Hearing] with the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02210, and serve copies of such documents on Class Counsel, Edward F. Haber, Shapiro Haber & Urmy LLP, 75 State Street, Boston, MA 02109, and Counsel for the Defendant, Marcus Cohn, Nixon Peabody LLP, 101 Federal Street, Boston, MA 02110, by first class mail post-marked no later than[14 days prior to the Final Approval Hearing.] 5. If you have not requested exclusion from the Class, you may enter an appearance in this action through counsel of your own choice, but you have no obligation to do so. If you do enter an appearance through counsel, you will bear the cost of such counsel's fees.

All members of the Class who have not requested exclusion from the Class and do not enter an appearance through counsel of their own choice will be represented by counsel for the Plaintiffs and the Class who are: Edward F. Haber, Shapiro Haber & Urmy LLP, 75 State Street, Boston, MA 02109 (617) 439-3939, Fax: (617) 439-0134, e-mail: cases@shulaw.com.

## ATTORNEYS' FEES AND EXPENSES

The fees of counsel for the Plaintiffs and the Class, as well as reimbursement for expenses incurred in prosecuting the Litigation, will be awarded by the Court to be paid by Defendant upon application by Class

5

Counsel for such fees and expenses, and approval of the Court. In no event will the award of fees and expenses to Class Counsel exceed two million dollars ($2,000,000.00).

## EXAMINATION OF PAPERS

All of the above descriptions of allegations, responses and other matters in this action are only summaries and do not include all important matters relating to the action. The pleadings and other papers filed in this action are public record and are available for inspection during regular business hours at the Clerk's Office, Suite 2300, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02210.

If you have any questions with respect to this action or about this Notice, you may direct such questions to Alyssa Petroff, Legal Assistant, Shapiro Haber & Urmy LLP, 75 State Street, Boston, MA 02109. Telephone (617) 439-3939 or (800) 287-8119; Fax: (617) 439-0134; e-mail: cases@shulaw.com.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE REGARDING SUCH QUESTIONS.**