UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILL ANN SMILOW and MARGARET L. BIBEAU, On Their Behalf And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>VS.<br><br>SOUTHWESTERN BELL MOBILE SYSTEMS, INC., Doing Business As Cellular One,<br><br>Defendant. | Civil Action No. 97-10307-RWZ |

### FINAL JUDGMENT AND
### ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on June 2, 2004, pursuant to the Order of this Court, dated March 18, 2004, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement, dated as of March 16, 2004 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.   This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.   In its Decision reported at Smilow v. Southwestern Bell Systems, Inc., 323 F.3d 32 (1st Cir. 2003), the United States of Appeals for the First Circuit Court certified a class, consisting of:

> All persons and entities in the Commonwealth of Massachusetts and New Hampshire who purchased cellular service from the Defendant Southwestern Bell Mobile Systems, Inc., doing business as "Cellular One", pursuant to contracts which contain the following terms:
>
> a) a definition of "Chargeable Time" which is the same as the following definition of "Chargeable Time":
>
>> Chargeable time for calls originated by a Mobile Subscriber Unit starts when the Mobil Subscriber Unit signals call initiation to C1's [Cellular One's] facilities and ends when the Mobil Subscriber Unit signals call disconnect to C1's facilities and the call disconnect signal has been confirmed. Chargeable time may include time for the cellular system to recognize that only one party has disconnected from the call, and may also include time to clear the channels in use.
>
> b) provide that the contracts shall be construed in and governed by the laws of the Commonwealth of Massachusetts;
>
> c) provide that: "Notwithstanding the terms and provisions of any other agreement which are inconsistent with this agreement these terms and conditions constitute the entire agreement between the parties" or "this Agreement represents the entire Agreement of the parties with respect to the subject matter hereof and may not be modified or amended except in writing signed by both parties"; and
>
> d) do not incorporate by reference or indicate that they are to be governed by any tariff filed by the defendant with any governmental agency.

4. Pursuant to Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is fair, reasonable and adequate to the Class. The Settling Parties are hereby directed to implement the Settlement in accordance with the terms of the Stipulation.

5. The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Representative Plaintiff and the other members of the Class, as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date hereof, the Representative Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have: fully, finally, and forever released, relinquished and discharged all Released Claims.

7. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

8. Notwithstanding any other provision herein, those Class Members who timely requested to be excluded from the terms of the Settlement are not forever barred or enjoined from prosecuting any claims against the Released Persons by reason of this Order and have not fully, finally and forever released, relinquished and discharged all Released Claims. Accordingly, the claims of class members who requested to be excluded from the Settlement are dismissed without prejudice. A list of those class members who are subject to this paragraph of this Order is attached hereto as Exhibit A.

9. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Representative Plaintiff, each and all of the Class Members and Class Counsel from all claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The Notice of Proposed Settlement Of Class Action given to the Class constitutes the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort, and satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendant, or (ii) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

12. Class Counsel are awarded attorneys' fees and expenses, including the costs of administering the settlement, of $2,000,000.00 , to be paid by the Defendant as provided in the Stipulation.

13. Each of the named Plaintiffs in this action, Jill Ann Smilow and Margaret L. Bibeau, shall be awarded an honorarium of five thousand dollars ($5,000.00) in recognition of their time and efforts in prosecuting this action, which shall be paid to them out of the award of attorneys' fees identified in paragraph 12 above.

14. Jurisdiction is reserved in this Court over all matters relating to the consummation of the Settlement, including, but not limited to, the entry of injunctions or other orders prohibiting the maintenance or prosecution of Released Claims against Released Persons.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. However, pursuant to ¶¶ 9.4 and 9.5 of the Stipulation, the provisions of those paragraphs of the Stipulation will remain in full force and effect.

16. There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Fed.R.Civ.P. 54(b), to enter this Order as a final judgment.

IT IS SO ORDERED.

Dated: June 2, 2004

Judge Rya W. Zobel
United States District Judge